DAVID G. EPSTEIN (SBN 84356)
**The David Epstein Law Firm**
P.O.Box 4848
Laguna Beach, CA 92652-4858
(949) 715-1500; fax (949) 715-2570
Email: david@epsteinlitigation.com

Attorneys for Plaintiff John David Thomas

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAVID THOMAS, an individual, <br><br>         Plaintiff, <br><br>    vs. <br><br> JP MORGAN CHASE BANK, N.A., a New York Corporation, <br><br>         Defendants. | **Complaint for Damages and Equitable Relief; Jury Demand** |

Plaintiff alleges:

## General Allegations

1. **Parties: plaintiff.**  Plaintiff JOHN DAVID THOMAS ("THOMAS") is an individual who at all times resided in and conducted business in the states of California and Colorado.

2. **Parties: defendant.**  Defendant JPMorgan Chase Bank, NA ("CHASE") is a New York corporation with headquarters in Columbus, Ohio, operating as a federally chartered banking institution. Washington Mutual Bank FA ("WAMU"), which allegedly originated the loan that is the subject of this action, was the predecessor in interest of defendant CHASE.

-1-
Complaint for Damages and Equitable Relief

3. **Jurisdiction.** This lawsuit arises under the diversity jurisdiction of this court under 28 USC §1332(a) in that there is complete diversity of citizenship as between the plaintiff and defendant sides, and the amount in controversy exceeds $75,000.

4. **Venue**. Venue is properly laid in this Central District of California in that a substantial part of the events or omissions giving rise to the claim occurred within this district, including without limitation the origination of the loan, as provided in 28 USC §1391(b)(2).

5. On or about July 12, 2006, THOMAS and WAMU entered into a transaction by which WAMU provided financing to THOMAS, and THOMAS signed various documents, including a deed of trust, securing repayment of the financing with real property as follows:

Street and number: 220 Adams Ranch Road, Mountain Village, CO 81435.

Legal description: LOT 638-AR, A REPLAT OF LOTS 637-C AND 638-A, TELLURIDE MOUNTAIN VILLAGE, REPLAT OF FILING 28 AND REPLAT OF LOTS 615-A AND 61-C, FILING 21, ACCORDING TO THE PLAT RECORDED DECEMBER 7, 2000 IN PLAT BOOK I AT PAGE 2827, COUNTY OF SAN MIGUEL, STATE OF COLORADO.

6. The subject property is owner occupied.

7. The lender was required to provide Plaintiffs certain disclosures pursuant to TILA. Regulation Z mandates the content of the rescission notice. For both open-end and closed-end credit, thenotie must identify the transaction, and must disclose, among other things, the date the rescission period expires, and must be signed by the borrower. See Regulation Z §§226.15(b), 227.23(b).

8. Plaintiff's loan is subject to the federal Truth in Lending Act, 15 USC §1601 *et seq.* ("TILA") and its implementing regulations, 12 CFR Part



226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to plaintiff's loan. Under 15 USC §1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction," (2) the 'delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 USC §1635(a). The "material disclosures that must be delivered include accurate disclosure of the annual percentage rate, all finance charges and the amount financed. 15 USC §1602 (u). If the required otice of cancellation is not properly provided, or if the required "material disclosures" are not delivered, then the right to cancel extends to three ears after the date of the loan. 15 USC §1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor 15 USC §1641(c). The right to rescind is subject to principles of equitable tolling.

    9. A consumer may exercise the right of rescission against an assignee whenever the consumer would have been able to exercise that right against the original creditor. 15 USC §1641(c).

    10. A consumer may exercise its right to cancel a transaction by delivery of a written notification of the consumer's wish to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice to the holder of the mortgage. 12 CFR §226.23(a)(2).

    11. When a consumer rescinds a transaction, the security interest giving rise to the reight of rescission becomes void and the consumer is not liable for any amount, including any finance charge. 15 USC §1635(b).

    12. Within 20 days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all mone or

property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 USC §153(b); 12 CFR §226.23(d).

13. TILA requires that Plaintiff be provided with certain disclosures, including two properly prepared Notices of Right to Cancel for the subject loan.

14. Plaintiff were not provided with the proper TILA disclosures.

15. Plaintiffs have been forced to default under the subject loan but can afford to make a monthly mortgage payment if the loan is modified.

16. Plaintiffs are ready, willing, and able to enter into a loan modification because the anticipated recovery under the plaintiff's proposed loan modification exceeds the anticipated recovery through foreclosure on a net present value basis."

17. Plaintiff can enter into a loan modification that is affordable to Plaintiffs and is one which would be more profitable to the Defendants than a foreclosure. Therefore the proposal should be accepted by Defendants and/or ordered by the Court.

**First Cause of Action**

**Violation of TILA--15 USC §1601 *et seq*.**

18. Plaintiffs reallege and incorporate Paragraphs 1 through 17 hereinabove into the complaint as if they were fully set forth.

19. Plaintiffs were never provided with the documentation required by TILA, including without limitation the Right to Cancel notices, thereby depriving Plaintiffs of knowledge of this right and depriving them of the ability to exercise said right.

20. The disclosure statement issued in conjunction with this consumer credit transaction violated the requirements of the Truth in

Lending Act and Regulation Z in the following respects: inaccurate caclulation of the amount financed, misleading disclosures regarding the timing of disclosures concerning the variable rate nature of the loan, misleading disclosures about the application of a prepayment penalty, and material disclosure violation by failing to disclose the index rate from which the payment was calculated and selection of historical index values.

21. The doctrine of equitable tolling operates to extend Plaintiff's right of rescission up to and including the date of the filing of this complaint.

22. Defendants have attempted to collect the debt for which the Subject Property is allegedly acting as collateral. Pursuant to 15 USC §1640(e), the plaintiff raises these TILA violations by recoupment or setoff.

23. The Supreme Court has confirmed recoupment claims survive TILA's statute of limitation. *Beach v. Ocwen Fed Bank* (1998) 532 US 410, 415.

24. Plaintiff prays for relief as set forth below.

## Second Cause of Action

**(Violation of California Unfair Competition Law, Bus. & Prof. Code §17200 *et seq*.)**

25. Plaintiffs reallege and incorporate Paragraphs 1 through 24 hereinabove into the complaint as if they were fully set forth.

26. At all relevant times, defendant and its predecessor in interest were lenders engaged in the business of providing residential mortgages to the general public and were acting within the scope of that business with regard to the loan provided to plaintiff.

27. The business practices and acts alleged herein include failure to comply with TILA and California Civil Code §2923.6, which constitutes a violation of the California Unfair Competition Law.

28. The illegal acts of defendants are a serious threat to plaintiff because they have allowed, or will allow, defendants to wrongfully foreclose on the subject property, transfer title or interest in the subject property, and to cause the eviction of plaintiffs form the property, causing plaintiff further immediate and irreparable injury, loss, and damage.

29. Plaintiff is entitled to relief, including without limitation full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits tha may have been obtained by defendants as a result of such business acts or practices.

30. As a direct and proximate result of the violations alleged herein plaintiff has also lost equity in the property and may lose the same through foreclosure.

31. Plaintiff has suffered injury in fact as a result of thee violations. Plaintiff has relied to his detriment on incomplete and inaccurate disclosues that led him to pay higher interest rates, incur legal costs, an d precluded from effectively transferring and/or encumbering the property, thus conferring swtanding on him to seek the relief requested herein.

32. In addition to the relief requested in the prayer below, plaintiffs seek the imposition of a constructive trust over, and restitution of the monies collected and realized by defendant.

### Third Cause of Action

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

33. Plaintiffs reallege and incorporate Paragraphs 1 through 32 hereinabove into the complaint as if they were fully set forth.

34. Defendant entered in to written agreements with plaintiffs based on the loans as stated in the Notes and TILDS.

35. Defendant failed to provide Plaintiff with the mandatory material disclosures including two copies of he right to rescind to plaintiff as alleged herein.

36. Plaintiffs, on the other hand, id all those things required to them under the terms of the loan transactions.

37. Defendants' breaches, as alleged herein, were committed with willful and wanton disregard for whether or not Plaintiffs or others similarly situated would actually receive a home loan that would provide the accurate material disclosures.

38. Upon information and belief and at all times relevant, Defendants possessed full knowledge and information concerning the above facts about these loans, and otherwise sold these loans throughout the United States, including the State of California.

39. Defendant placed is corporate and individual interests in profits above the rights of others, constitutes a malicious, fraudulent, and despicable series of acts in violation of the known rights of plaintiff and the general public.

40. As a result of this conduct, plaintiff suffered harm, and also incurred additional finance charges to the principal loan balance.

41. Accordingly, plaintiffs are entitled to recover, in an amount according to proof, all damages proximately caused by defendants' breaches of the implied covenant of good faith and fair dealing, punitive and exemplary damages in an amount sufficient to punish defendants and to deter them and others from committing other similar acts in the future.

**Fourth Cause of Action**

**Rescission in Equity**

42. Plaintiffs reallege and incorporate Paragraphs 1 through 41 hereinabove into the complaint as if they were fully set forth.

Complaint for Damages and Equitable Relief

43. The subject loan transaction is voidable, and the public interest will be damaged by permitting the subject loan transaction to stand. Plaintiff can and will offer a loan modification proposal to defendants as a substitute tender and offer to do equity.

44. Defendants should be able to rescind this loan under the Truth In Lending Act, but int he event TILA rescission is not granted, plaintiffs pray for rescission in equty.

**Wherefore,** plaintiff prays for relief as follows:

1. For actual damages according to proof;
2. For compensatory damages as permitted by law;
3. For consequential damages as permitted by law;
4. For statutory damages as permitted by law;
5. For punitive and exemplary damages sufficient to make an example of defendant and to punish it, and to deter it and others from engaging in other, similar conduct in the future;
6. For rescission of the loan transaction;
7. For a temporary restraining order, preliminary and permanent injunctions against initiating, pursuing, or maintaining foreclosure proceedings against the subject property, from recording any deeds regarding the property and otherwise taking any steps to deprive plaintiff of ownership, possession, or beneficial use of the property;
8. For prejudgment interest as authorized by law;
9. For costs of suit, including reasonable attorney's fees; and

/ / /
/ / /
/ / /
/ / /
/ / /

-8-

Complaint for Damages and Equitable Relief

10. For such other and further relief as may seem just and proper to this court.

Dated: August 13, 2014

**The David Epstein Law Firm**

/s/ David G. Epstein
_____
David G. Epstein
Attorneys for Plaintiff

**Jury Demand**

A jury trial is demanded.

Dated: August 13, 2014

**The David Epstein Law Firm**

/s/ David G. Epstein
_____
David G. Epstein
Attorneys for Plaintiff

Complaint for Damages and Equitable Relief